IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH CALDWELL,

          Plaintiff,

    v.                                    CASE NO. 09-3242-SAC

KANSAS DEPARTMENT OF CORRECTIONS, et al.,

          Defendants.

## MEMORANDUM AND ORDER

Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. § 1983 while plaintiff was a prisoner in the Winfield Correctional Facility (WCF) in Winfield, Kansas. Plaintiff paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2) if he is a prisoner.[1]

Plaintiff seeks damages on claims related to his transfer from a minimum custody unit at Hutchinson Correctional Facility (HCF) on December 6, 2008, to a maximum custody unit (HCF-Central) where he was attached by a maximum custody inmate in May 2009 and sustained

---

[1] Plaintiff notified the court of his subsequent change of address, which reflects plaintiff's release from the Kansas Department of Corrections.

dental injuries. Plaintiff claims defendants violated the Equal Protection Clause by transferring him to HCF-Central, and violated the Eight Amendment by their deliberate indifference to his personal safety and their failure to provide necessary medical care at both HCF and WCF for his injuries. Plaintiff names as defendants the Kansas Department of Corrections (KDOC), KDOC Secretary Werholtz, HCF Warden Cline, Corrections Care Services (CCS), WCF-Dental, and WCF Warden Conover.

Because plaintiff was a prisoner when he initiated this action, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v.*

*Atkins*, 487 U.S. 42, 48 (1988). Having reviewed plaintiff's facts and allegations, the court finds the complaint is subject to being summarily dismissed for the following reasons.

Eleventh Amendment Immunity

To the extent plaintiff seeks damages from KDOC and any state employee in their official capacity, such relief is barred by the Eleventh Amendment. But for certain limited exceptions not applicable in this matter,[2] "the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir.2002)(citations omitted). Accordingly, plaintiff's claims against KDOC and any state employee in their official capacity are subject to being summarily dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

Personal Participation

To the extent plaintiff seeks damages from individual defendants in their personal capacity, a viable claim for relief under § 1983 requires plaintiff to sufficiently allege each defendant's personal participation in the alleged violation of plaintiff's constitutional rights. *Bryson v. Gonzales*, 534 F.3d

---

[2] The Tenth Circuit has "recognized two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity. A state may also waive its Eleventh Amendment immunity and consent to be sued." *Ruiz*, 299 F.3d at 1181 (citations omitted). It is well established, however, that Congress did not terminate the states' Eleventh Amendment immunity when it enacted § 1983. See *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir.1998). And Kansas has not waived its Eleventh Amendment immunity. See *Lee v. McManus*, 589 F.Supp. 633, 638 (1984).

1282, 1286 (10th Cir.2008). See also *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir.2008)(plaintiff must allege "an 'affirmative link' between each defendant and the constitutional deprivation") (quoting *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir.1997)). A defendant's supervisory status alone is insufficient to create liability under § 1983. Id. at 1239.

In the present case, plaintiff alleges no specific actions or misconduct by any individual defendant. Although plaintiff broadly states HCF and WCF dental staff refused to fix his teeth, plaintiff does not detail when or how often he requested dental services, or even when plaintiff was transferred to WCF. Accordingly, absent amendment of the complaint to sufficiently allege personal participation by individual defendants in the violation of plaintiff's constitutional rights, plaintiff's claims against all individual defendants are subject to being summarily dismissed as stating no claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

Likewise, to state a claim for relief under § 1983 against a private entity acting under color of state, such as CCS in the present case, plaintiff must alleged sufficient facts to plausibly establish that an official CCS policy or custom was the direct cause or moving force behind the claimed violation of plaintiff's constitutional rights. See *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir.2003)(applying municipal liability requirements in *Monell v. Department of Social Services of City of N.Y.*, 436 U.S. 658 (1978), to § 1983 claims). Because plaintiff provides no factual basis to satisfy this standard, plaintiff's claims against

4

CCS are subject to being summarily dismissed.

Plaintiff's Specific Claims

Even if plaintiff were to amend the complaint to avoid dismissal of the complaint on Eleventh Amendment and personal participation grounds, plaintiff's specific claims are subject to being summarily dismissed as well.

*Count I - Equal Protection*

Plaintiff's claim that his transfer to a more secure housing unit at HCF violated his right to equal protection is subject to being summarily dismissed because the facts alleged by plaintiff fail to plausibly establish that plaintiff was similarly situated to other prisoners who were not transferred, and that his transfer was not reasonably related to legitimate penological interests. *Templeman v. Gunter*, 16 F.3d 367 (10th Cir.1994). See also *Jicarilla Apache Nation v. Rio Arriba County*, 440 U.S. 1202 (10th Cir.2006)(class-of-one on equal protection claim requires showing that defendants' actions were objectively irrational and abusive). Because plaintiff's complaint fails to address these requirements, plaintiff is granted an opportunity to amend the complaint to avoid summary dismissal of his equal protection claims against any defendant.

*Count II - Duty to Protect*

The Eighth Amendment imposes a duty on prison officials to protect prisoners from violence by other inmates, *Ramos v. Lamm*, 639 F.2d 559 (10th Cir.1980), but prison officials are not expected to prevent all inmate-on-inmate violence, *Farmer v. Brennan*, 511 U.S.

5

825, 834 (1984). To state an Eighth Amendment duty to protect claim, plaintiff must allege sufficient facts to plausibly establish that he was "incarcerated under conditions posing a substantial risk of serious harm," and that defendants acted with a "sufficiently culpable state of mind." *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir.2005)(internal quotation marks omitted). Negligence in failing to protect inmates from assaults by other inmates is not actionable under the Eighth Amendment. *Farmer*, 511 U.S. at 835. The Supreme Court has expressly rejected the suggestion that a prison official violates the Eighth Amendment when he might have known or should have known of a risk of harm. See *Id*. at 837-38; *Gonzales*, 403 F.3d at 1186.

Here, plaintiff states only that he voiced generalized concerns for his safety upon being transferred to HCF-Central, and that he was attacked by an HCF-Central inmate some three months later. Plaintiff identifies no "known or obvious risk that was so great as to make it highly probable that harm would follow" that any defendant ignored during that three month period. Absent amendment of the complaint to address this deficiency, plaintiff's Eighth Amendment duty to protect claim is subject to being summarily dismissed.

*Count III - Medical Care*

To state a cognizable Eighth Amendment claim of being denied adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

6

Plaintiff broadly claims defendants failed to honor his requests for dental services to fix his teeth. Plaintiff's factual allegations, however, are sparse at best, and inconsistent on their face as plaintiff filed his complaint approximately eight months after being attacked, but states it has been "over a year since the physical injury occurred." Plaintiff states he was seriously injured, but neither identifies any particular dental concern in obvious need of repair, nor details his efforts to obtain treatment. Also, to the extent plaintiff seeks "total cosmetic reconstruction of my mouth," (Complaint, p.5), plaintiff's prayer to be made whole rather than to address an obvious serious medical need sounds in negligence rather than in constitutional deprivation.

Accordingly, absent amendment or supplementation of the complaint to provide additional facts addressing the requirements for proceeding under the Eighth Amendment on a claim of being denied necessary medical care, this claim is subject to being summarily dismissed.

**NOTICE AND SHOW CAUSE ORDER TO PLAINTIFF**

For the reasons outlined herein, plaintiff is directed to show cause why the defendants and claims identified by the court should not be summarily dismissed. The failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the remainder of the $350.00 district court filing fee to proceed as

authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to amend his complaint to avoid summary dismissal of the complaint for the reasons identified by the court.

IT IS FURTHER ORDERED that plaintiff's motion for issuance of summons in this matter (Doc. 3) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 23rd day of September 2010 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge